IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK DAVID MATHEWS,<br><br>Defendant. | Case No. 22-CR-001-JFH |

## OPINION AND ORDER

Before the Court are two motions in limine filed by Defendant Mark David Mathews ("Defendant"). Dkt. No. 28; Dkt. No. 37.

## BACKGROUND

Defendant is indicted on two counts of assault: assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6), 1151, and 1153, and assault with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. §§ 113(a)(3), 1151, and 1153. Dkt. No. 16. The alleged victim is identified in the indictment as J.B. *Id.* The Court conducted a pretrial conference and motions hearing on March 30, 2022.

## AUTHORITY AND ANALYSIS

The Court initially notes that Defendant did not comply with Local Criminal Rule 12.1(B), which states every motion shall contain a statement as to whether or not opposing counsel objects to the motion. Defendant also did not comply with the Court's scheduling order, which states one omnibus motion in limine is allowed per defendant without leave of court. Dkt. No. 26. Nevertheless, because the Court prefers to resolve matters on their merits, it continues to consideration of Defendant's motions.

I.   Use of the word "victim"

Defendant states he plans to present a self-defense argument at trial and argues that "if [Defendant] acted in self-defense, [J.B.] is not a victim of a crime." Dkt. No. 28 at 1.  He asserts that "the use of the word 'victim' contradicts the presumption of innocence." *Id.* at 2.  Defendant does not cite any Tenth Circuit authority for his analysis; rather, he relies on an in-circuit district court opinion from the District of New Mexico and several state court cases.  *Id.* at 2-3.  The Government responds that use of the term "'victim' has no bearing on the ultimate question of whether Defendant is guilty of the crime charged." Dkt. No. 36 at 3.

The Court is not persuaded by Defendant's out-of-circuit authority.  The statute under which Defendant is charged—18 U.S.C. § 113—uses the word "victim" three times in various subsections.  It is not unfairly prejudicial to use language included in the charging statute itself.  However, the Court notes that Defendant is entitled to a presumption of innocence. *Taylor v. Kentucky*, 436 U.S. 478, 483 (1978) (quoting *Coffin v. United States*, 156 U.S. 432, 453 (1895)).  Thus, when referring to J.B. before the jury, the parties shall acknowledge Defendant's presumption of innocence by using the term "alleged victim" and shall instruct their witnesses to do the same.  Witnesses and counsel shall refer to J.B. as the "alleged victim" or his surname.  Defendant's motion in limine on this topic is denied.

II.   Reference to gang affiliation

Defendant next moves to exclude references to Defendant's potential affiliation with the Irish Mob gang.  Dkt. No. 37 at 2.  He claims that there "is no evidence that the alleged offenses in this case are connected to gang activity" and that evidence of gang membership is inherently prejudicial. *Id.*  The United States disagrees, arguing that Defendant's gang affiliation is relevant to his motive.  Dkt. No. 38 at 2.  Defendant asserts the charged conduct began during an argument

over a $20 debt. *Id.* While the Government does not accept this motive, it claims that "such a vicious attack is precisely how Irish Mob members resolve disputes over piddling sums." *Id.* However, the Government also states it "was not aware of [J.B.'s] claim regarding [Defendant's] alleged gang affiliation" until Defendant filed his motion and asks to be able to revisit the issue once more discovery is complete. *Id.* at 3.[1]

Gang affiliation may or may not be unduly prejudicial, depending on its relevance to the case. *Compare United States v. Roark*, 924 F.2d 1426, 1434 (8th Cir. 1991) *with United States v. Jobson*, 102 F.3d 214, 221 (6th Cir. 1996). The only relevance the Government demonstrates in its response is not sufficient for the Court to conclude gang affiliation is relevant at this stage. Therefore, the Court grants Defendant's motion in limine as to this matter. To the extent the Government believes that Defendant's purported gang affiliation has some relevance in this matter, it should bring the matter to the Court's attention outside the presence of the jury.

## III.   Injury photographs

Defendant asks the Court to exclude images of J.B.'s stabbing wounds from trial. Dkt. No. 37 at 4-6. He argues the "photographs add nothing to what will be conceded," because they do not show depth or accurately depict the size of wounds. *Id.* at 6. He also argues they are unduly gruesome because they show "more blood than they do actual injury" and show medical disinfectant solution that could be confused for additional blood. *Id.* at 5-6.

Defendant asked the Court to take this motion under advisement until it could review the photographs at pretrial conference. *Id.* at 6. At the March 30, 2022, hearing, the Court directed the parties to meet and confer regarding the photographs and notify the Court if objections

---

[1] In contradiction to the Government's statement that it did not have knowledge of Defendant's supposed gang affiliation, the Court notes Defendant's potential Irish Mob association is mentioned in the Affidavit in Support of the Complaint in this case. Dkt. No. 1 at 5.

remained after this conferral. If any objection remains, the Government shall provide the photographs at issue to the Court for review. This portion of Defendant's motion remains under advisement.

**IV.  Injury evidence**

Last, Defendant claims that the Government should be precluded from questioning J.B. about any medical treatment he sought as a result of his injuries because it "fail[ed] to supply medical records" relating to that treatment. Dkt. No. 37 at 6-7. The Government states there are two sets of medical records: one set from Mercy Hospital in Ada, Oklahoma, which it possessed and was in the process of redacting and producing to Defendant; and one set from the University of Oklahoma Medical Center in Oklahoma City, Oklahoma, which it had requested and not yet received at the time of the filing of its response. Dkt. No. 38 at 4-5.[2] At the March 30, 2022, hearing, the Government stated it still had not received University of Oklahoma records.

The Court will not limit the alleged victim's testimony regarding the injuries he sustained and their resulting treatment, regardless of the state of written discovery related to those injuries and treatment. This part of Defendant's motion in limine is denied.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's first motion in limine [Dkt. No. 28] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's second motion in limine [Dkt. No. 37] is **GRANTED IN PART, DENIED IN PART and TAKEN UNDER ADVISEMENT IN PART.**

---

[2]  This disconnect between Defendant's argument and the actual status of medical discovery is one reason why the Court requires parties to confer before the filing of a motion in limine. See LCrR 12.1(B).

DATED this 31st day of March 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

5