IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 22-CR-001-JFH |
| MARK DAVID MATHEWS, | |
| Defendant. | |

## OPINION AND ORDER

This matter comes before the Court on the Government's Rule 609 Notice [Dkt. No. 79] and Defendant's Response to Government's Rule 609 Notice [Dkt. No. 80].

## BACKGROUND

Defendant was indicted on two counts of assault: (1) assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 113(a)(6), 1151, and 1153; and (2) assault with a dangerous weapon with intent to do bodily harm in violation of 18 U.S.C. §§ 113(a)(3), 1151, and 1153. Dkt. No. 16. On January 17, 2013, Defendant was convicted of a felony, escape from a penal institution pursuant to 21 O.S. § 443, and received a sentence of seven years.[1] The Government has provided notice that it intends to impeach Defendant with evidence of his former conviction under Fed. R. Evid. 609 if he testifies at trial. Defendant, conversely, argues his conviction is inadmissible.

## AUTHORITY AND ANALYSIS

Pursuant to Fed. R. Evid. 609(a)(1)(B), a witness' character for truthfulness may be attacked by evidence of a criminal conviction where certain conditions are met: "for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence [of a former criminal conviction] . . . must be admitted in a criminal case in which

---

[1] *State of Oklahoma v. Mark David Mathews*, Pontotoc County, Oklahoma, CF-2012-0440.

the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." Defendant's prior conviction for escape from a penal institution was punishable by imprisonment for more than one year, and therefore if he testifies, evidence of the conviction "must" be admitted if its probative value outweighs its prejudicial effect. *See* Fed. R. Evid. 609(a)(1)(B).

A court considers five factors when undertaking this balancing test: "(1) the impeachment value of the defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial." *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014). Here, the probative value of the former conviction outweighs any prejudicial effect to Defendant. *See generally United States v. Jimmy Nace*, 2022 WL 686307, at *2 (E.D. Okla. Mar. 8, 2022) ("The probative value of the Defendant's 2018 escape conviction outweighs its prejudicial effect to him; thus, it may be introduced in the event the Defendant testifies.").

First, the conviction tends to show Defendant's dishonesty or deceit, which provides impeachment value. An escape from custody tends to show Defendant's dishonesty. *See id*. This factor weighs in favor of admitting the conviction.

Second, the conviction occurred in 2013, approximately nine years ago. Convictions more than ten years old are presumptively excluded, while convictions within the preceding ten years are considered on a case-by-case basis. *United States v. Ahaisse*, 2021 WL 2290574, at *2 (N.D. Okla. June 4, 2021). A youthful indiscretion followed by a spotless record is less probative than a more recent crime. *Id*. Here, the conviction is within the ten-year cut-off, and, thus, this factor weighs in favor of admitting the conviction.

Third, the past crime (escape from a penal institution) is dissimilar to the charged crime (assault). This factor "weighs against admitting the prior conviction for impeachment if the crimes are similar" because the jury may improperly infer criminal propensity. *Id*. Here, because of the dissimilarity between the crimes, there is little risk the jury would convict Defendant of the present charges based on the prior conviction. This factor weighs in favor of admitting the conviction.

Fourth, Defendant's testimony is likely to be important at trial. When considering this factor, a court must "determine whether the apprehension of potential impeachment by prior convictions will cause defendant to abstain from testifying." *Id*. Defendant has indicated he will testify and state he was acting in self-defense. Dkt. No. 80 at 1. His testimony is, thus, important to his defense. This factor weighs against admitting the conviction.

Finally, Defendant's credibility will be central at trial. The probative value of a prior conviction is high in a "swearing contest between witnesses" but low when "the defendant's anticipated testimony will not be central to a jury determination." *Ahaisse*, 2021 WL 2290574, at *3. Here, Defendant's testimony regarding self-defense is likely to be central to the jury's determination as to what occurred. This factor weighs in favor of admitting the conviction.

In sum, the probative value of the 2013 conviction for escape from a penal institution outweighs any prejudicial effect to Defendant. Therefore, it may be introduced if Defendant testifies. If the Government seeks to impeach based on the conviction, "[t]he well-settled rule in this circuit is that the permissible scope of cross-examination under Rule 609 extends to the essential facts of conviction, the nature of the crime, and the punishment." *Smalls*, 752 F.3d at 1240.

## CONCLUSION

For the reasons set forth above, if Defendant testifies at trial, the Government may impeach Defendant with evidence of his 2013 conviction for escape from a penal institution. The

permissible scope of such impeachment may extend to the essential facts of conviction, the nature of the crime, and the punishment.

Dated this 21ST day of April 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE